# Irwin *v.* Hudson, Appellants.

*Principal and surety—Bond—Insolvent laws—Discharge.*

Where the defendant in a capias files a bond conditioned upon presenting his petition for the benefit of the insolvent laws, and his surrender to the jail if he failed in obtaining his discharge as an insolvent, and he does not surrender himself after he had failed of discharge, the sureties in the bond are not relieved because attorney for plaintiff while the insolvency proceedings were pending, said to the defendant that in his opinion the bond had already been forfeited and there was no use for the defendant to go to jail if he failed in his discharge. Such a statement of plaintiff's attorney did not amount to an agreement to release the defendant from his obligation to surrender himself.

Submitted Nov. 20, 1903.    Appeal, No. 204, Oct. T., 1903, by defendants, from judgment of C. P. Chester Co., Jan. T., 1902, No. 31, on verdict for plaintiff in case of Benjamin Irwin *v.* W. S. Harris, Thomas Hudson, M. J. Laughlin and Cooley A. Giffing.    Before RICE, P. J., BEAVER, ORLADY, PORTER, MORRISON and HENDERSON, JJ.    Affirmed.

Assumpsit on a bond.    Before HEMPHILL, P. J.

The facts are stated in the opinion of the Superior Court.

The court gave binding instructions for plaintiff.

Verdict and judgment for plaintiff for $1,000.    Defendant appealed.

*Error assigned* was above instruction.

*W. S. Harris*, for appellants.

*J. F. E. Hause*, for appellee, filed no printed brief.

PER CURIAM, December 19, 1903 :

It is an admitted fact that the principal in the bond in suit did not surrender himself, as provided in the condition of the bond, upon the termination of the insolvency proceedings and his failure to obtain a discharge.    The defense set up is that he and his sureties were released from the obligation of the bond by an agreement, entered into between him and the plaintiff's attorney while the appeal from the order dismissing his petition was pending in this court, to the effect that if the decision of this court should be adverse to him, he need not go

to jail. In support of this contention, the defendant testified as follows: "While the case was pending in the Superior Court, I had a talk with Mr. Irwin's counsel in the Law Library one day, and during that conversation I said to him, 'If the Superior Court is against me, I will surrender myself to jail.' And he said, 'What is the use of going to jail?'—that was Mr. Hause, counsel for Mr. Irwin. I said, 'Do you think the bond is already forfeited?' He said, 'There is no doubt of it.' He at that time had brought suit on the bond. Q. He brought suit for the violation of the first condition? A. Yes. Q. That was the suit which was discontinued? A. That is the suit which was discontinued. That statement induced me not to surrender myself. I think, though, he was mistaken as to his law. I have looked up the law since, and I think the bond was not forfeited at that time, the appeal was made a supersedeas in the Superior Court which was marked supersedeas by the decree of this court." Later in his testimony, the following colloquy took place between him and the plaintiff's attorney: "Q. I expressed my view, as a member of the bar, that you had already forfeited the bond. A. Yes. Q. Therefore, as far as I was concerned, or my client was concerned, I could recover on the bond? A. You said there was no use going into jail. Q. I said there was no use in going to jail if the bond was already forfeited? A. That is what you said. I think the bond was not forfeited now. Q. That is the difference of opinion between us? A. Yes."

It is thus seen that, according to the defendant's own testimony, the plaintiff's attorney did not say unequivocally to the defendant that he need not go to jail, and that what he said was based wholly upon the condition that the bond was already forfeited. But the defendant knew the facts, and being a lawyer it is to be presumed that he knew whether as matter of law the bond was already forfeited. He had no right to treat what was said by the plaintiff's attorney as a release from his obligation to surrender himself. We will not stop to discuss the authority of the plaintiff's attorney to make such an agreement as is sought to be implied from this casual conversation; for we think the evidence wholly fails to show that such an agreement was made or intended to be made.

Judgment affirmed.